# United States District Court
## Eastern District of Michigan

| United States of America | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| CHARLES GUYTON | Case Number: 05CR81107-1 |
| | USM Number: 15286-039 |
| | |
| | Michael Fortner |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ Pleaded guilty to count(s) **1**.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC§§ 1956(a)(1)(B)(i) & 1956(h) | Conspiracy to Launder Monetary Instruments | 07/13/2005 | 1 |

    The defendant is sentenced as provided in pages **2 through 6** of this judgment.  This sentence is imposed pursuant to the Sentencing Reform Act of 1984

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 06, 2007
Date of Imposition of Judgment



s/Avern Cohn
United States District Judge

September 10, 2007
Date Signed

DEFENDANT: CHARLES GUYTON
CASE NUMBER: 05CR81107-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **12 months and 1 day.**

The defendant shall surrender for service of sentence at the institutuion designated by the Bureau of Prison: **before 2 p.m. as notified by the Bureau of Prisons**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

DEFENDANT:  CHARLES GUYTON
CASE NUMBER:  05CR81107-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **2 years**

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

   The defendant shall not commit another federal, state or local crime.

   If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

   The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.  Revocation of supervised release is mandatory for possession of a controlled substance.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)**  the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)**  the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)**  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)**  the defendant shall support his or her dependents and meet other family responsibilities;

**5)**  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)**  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)**  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)**  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)**  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)**  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)**  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)**  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)**  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)**  the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  Revocation of supervised release is mandatory for possession of a firearm.

DEFENDANT: CHARLES GUYTON
CASE NUMBER: 05CR81107-1

# CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 100.00 | $ 0.00 | $ 0.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS:** | $ 0.00 | $ 0.00 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: CHARLES GUYTON
CASE NUMBER: 05CR81107-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance. All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

**See detail list attached.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: CHARLES GUYTON
CASE NUMBER: 05CR81107-1

# ADDITIONAL FORFEITED PROPERTY

The defendant is ordered to forfeit the following assets to the United States:

(I) Cash / Currency:

(a) United States Currency Funds in the amount of $147,703.51;

(II) Items of Personal Property:

(a) One Man's Rolex Submariner Watch, Model No. 16613, Serial No. F060073, with an approximate value of $5,500.00;

(III) Real Property:

The real property located at the following addresses, along with all buildings, appurtenances, easements, improvements and fixtures:

1. 28497 Aberdeen, Southfield, Oakland County, Michigan, being more fully described as:Lot 244 and North 10 feet of Lot 245, Bonnie Acres Subdivision No. 1, as recorded in Liber 29, Page 21, of Plats, Oakland County Records, commonly known as 28497 Aberdeen, Southfield, Oakland County, Michigan 48076
   Parcel ID # 24-13-208-020;

2. 14134 Mansfield, Detroit, Wayne County, Michigan being more fully described as:Land in the City of Detroit, Wayne County, State of Michigan, Lot 86, of B.E. Taylor's Strathmoor Ortman Subdivision as recorded in Liber 47, Page 4 of Plats, Wayne County Records.
   Commonly known as: 14134 Mansfield
   Parcel ID: 22/057170;

3. 1763 Henbert, West Bloomfield, Oakland County, Michigan being more fully described as:Lot 87, Bloomfield Knolls Subdivision, as recorded in Liber 76, Pages 10 and 11 of Plats, Oakland County Records.
   Parcel ID # 18-05-202-034;

4. 7830 Forrer, Detroit, Wayne County, Michigan being more fully described as: Lot 341, Gaynor Park Subdivision No. 1 as recorded in Liber 46, Page 64 of Plats, Wayne County Records.
   Commonly known as: 7830 Forrer
   Parcel ID # 22/053666;

(IV) Firearms, Ammunition, and Other Weapons:

(a) One Winchester Model 94, 30-30 rifle, bearing serial number 3246964;
(b) One Raven Arms, Model MP-25, .25-caliber pistol bearing serial number 1056067;